**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: GILBERTO BENZ-PUENTE, JR.,** *Debtor-Appellant,* | : | **CIVIL ACTION NO. 26-cv-1454** |
| **v.** | : | |
| | : | **Bankruptcy Case No. 25-12592 (PMM)** |
| **NAVY FEDERAL CREDIT UNION,** *Creditor-Appellee.* | : | |
| | : | **Appeal from the United States Bankruptcy Court for the Eastern District of Pennsylvania** |

**MEMORANDUM**

**KENNEY, J.** **August 14, 2026**

Pending before the Court is Debtor-Appellant Gilberto Benz-Puente, Jr.'s Appeal from an Order entered by U.S. Bankruptcy Judge Patricia M. Mayer on February 26, 2026 (ECF No. 1) (hereinafter, "Bankruptcy Appeal"). For the reasons discussed below, the Court will **DISMISS** Appellant's Bankruptcy Appeal (ECF No. 1) for failure to prosecute.

## I. BACKGROUND

The Court writes for the Parties and assumes familiarity with the underlying facts. The above-captioned appeal was filed in relation to a February 26, 2026 Order denying Appellant's Motion for Reconsideration and overruling Appellant's objection to Appellee Navy Federal Credit Union's claim to a 2024 Toyota Camry in the underlying bankruptcy proceeding, *In re Benz-Puente, Jr.*, BRC No. 25-12592 (PMM).

On May 18, 2026, a briefing schedule was entered in this case. ECF No. 11. In accordance with the briefing schedule, Appellant's brief was due to be served and filed in this action within thirty (30) days of the entry of record on appeal. *Id.* The record on appeal was entered on the docket

in this Court on May 18, 2026. ECF No. 10. Therefore, Appellant's brief was due to be served and filed on or before June 17, 2026. *See* ECF No. 11.

To date, Appellant has not filed or served his brief. For the reasons discussed *infra* Part II, the Court construes Appellant's failure to brief his appeal as a failure to prosecute and will dismiss the action in accordance with Federal Rule of Civil Procedure ("Rule") 41(b).

## II. DISCUSSION

"[D]istrict courts have inherent power to dismiss sua sponte for failure to prosecute." *Reshard v. Lankenau Hosp*., 256 F. App'x 506, 507 (3d Cir. 2007) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see also D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 444 (E.D. Pa. 2006) ("Under Federal Rule of Civil Procedure 41(b) as well as a court's inherent power, a court may dismiss an action without prejudice *sua sponte* for a plaintiff's failure to prosecute 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994))). The district court may order dismissal for failure to prosecute "even without affording notice of its intention to do so or providing an adversary hearing before acting." *Reshard*, 256 F. App'x at 507 (quoting *Link*, 370 U.S. at 633).

A dismissal for failure to prosecute pursuant to Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). Accordingly, the Court must consult the factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F. 2d 863 (3d Cir. 1984). *See, e.g.*, *In re New Century TRS Holdings, Inc.*, 619 F. App'x 56, 48 (3d Cir. 2015) (reviewing the district court's dismissal of underlying bankruptcy appeal for failure to prosecute "for abuse of discretion through the lens of the *Poulis* factors" (citing *In re Jewelcor Inc.*, 11 F. 3d 394, 397 (3d Cir. 1993))); *Reshard*, 256 F. App'x at 507 ("When considering whether to dismiss a case for failure to prosecute, courts generally should consider the factors set forth in *Poulis v. State Farm*

*Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984).”); *see also D’Onofrio*, 530 F. Supp. 2d at 444 (citing *Gallegos*, 26 F.3d at 455). The *Poulis* factors are as follows: “(1) the extent of the party’s personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.” *Poulis*, 747 F.2d at 868.

After consulting the *Poulis* factors and the particular facts and circumstances in this case, the Court is satisfied that dismissal is the appropriate sanction. As discussed, Appellant has failed to file his brief in accordance with the briefing schedule imposed in this case. *See* ECF No. 11. Appellant’s failure to brief his own appeal prevents Respondents from filing a timely response and/or opposition to the Bankruptcy Appeal. This alone is sufficient grounds to dismiss Appellant’s Bankruptcy Appeal. *See In re Buccolo*, 308 F. App’x 574, 575 (3d Cir. 2009) (concluding that appellant’s failure to file his brief “within 15 days of the docketing of his appeal” was sufficient “grounds for dismissal under Bankruptcy Rule 8001”) (citations omitted)). The Court need not decide whether Appellant’s failure to act is “willful” or a product of “bad faith.” *Poulis*, 747 F.2d at 868.

Therefore, the Court is satisfied that the *Poulis* factors weigh in favor of dismissal in this case. Accordingly, the Court will dismiss Appellant’s bankruptcy appeal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## III. CONCLUSION

For the reasons set forth above, Appellant’s Bankruptcy Appeal (ECF No. 1) is **DISMISSED** for failure to prosecute. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**